CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 2 1 2019

JULIA C. DUDLEY, CLERK
BY: 
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| JANIS WARD, et al., | ) |
| | ) Civil Action No. 4:18CV00069 |
| Plaintiffs, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) By: Hon. Glen E. Conrad |
| ROBERT WARREN, et al., | ) Senior United States District Judge |
| | ) |
| Defendants. | ) |

Janis Ward, Lori Berrios, Melanie Belote, and Amie Hodges Young filed this action against the Pittsylvania County Board of Supervisors, the Board of the Pittsylvania County Department of Social Services, and multiple individual defendants, asserting a variety of claims related to their employment with the Department of Social Services. The defendants moved to dismiss the plaintiffs' amended complaint under Rule 12(b)(6). Approximately two weeks before the hearing on the defendants' motions, the plaintiffs, by counsel, moved to voluntarily dismiss the action with prejudice. The court granted the motion on March 6, 2019. Ward and Berrios have since requested reconsideration on the basis that the motion for voluntary dismissal was filed without the plaintiffs' consent. The court construed the request as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). The motion has been fully briefed and is ripe for review. For the following reasons, the motion will be denied.

Rule 60(b) of the Federal Rules of Civil Procedure permits parties to seek relief from a final judgment, order, or proceeding. "The remedy provided by the Rule, however, is extraordinary and is only to be invoked upon a showing of exceptional circumstances." Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979). To obtain relief under Rule 60(b), the moving parties must first show (1) that the motion is timely, (2) that they have a meritorious

claim or defense, and (3) that the opposing parties will not suffer unfair prejudice if the judgment is set aside. United States v. Welsh, 879 F.3d 530, 533 (4th Cir. 2018). The moving parties must also satisfy one of six enumerated grounds for relief set forth in Rule 60(b). Id. The six grounds are as follows:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Upon review of the record and the parties' arguments, the court concludes that Ward and Berrios are not entitled to relief under Rule 60(b). First, Ward and Berrios have failed to give the court reason to believe that vacating the dismissal order will not be an empty exercise. See Boyd v. Bulala, 905 F.2d 764, 769 (4th Cir. 1990) ("Under all the provisions of Rule 60(b), a threshold condition for granting the relief is that the movant demonstrate that granting that relief will not end in the end have been a futile gesture, by showing that she has a meritorious defense or claim."). The defendants previously identified multiple deficiencies in their respective motions to dismiss under Rule 12(b)(6). The defendants cite to the same deficiencies in response to the pending motion. In reply, Ward and Berrios emphasize that they are "not willing to give up on [their] case." Reply 1, Dkt. No. 46. However, they make no effort to demonstrate that they have

2

a meritorious claim against any of the named defendants. Consequently, their Rule 60(b) motion fails on this threshold ground. See Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 21 (1st Cir. 1992) ("If a conclusory allegation that a claim is meritorious does not suffice to satisfy the Rule 60(b) precondition, a fortiori, the absence of any allegation is inadequate to that end.") (emphasis in original).

The court also concludes that the pending motion fails to satisfy the requirements for any of the six grounds for relief listed in Rule 60(b). Ward and Berrios argue that their attorney moved to dismiss the case without their permission, and that they should not bear the consequences of the attorney's unilateral decision. Even assuming the truth of this factual assertion, such conduct on the part of plaintiffs' counsel does not provide a sufficient basis for relief under Rule 60(b). "As both the Supreme Court and [the United Court of Appeals for the Fourth Circuit] have consistently recognized, a party voluntarily chooses [her] attorney as [her] representative in the action, and, thus, [she] cannot later 'avoid the consequences of the acts or omissions of this freely selected agent.'" Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 409 (4th Cir. 2010) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 633–34 (1962)); see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 396 (1993) (emphasizing that "clients must be held accountable for the acts and omissions of their attorneys"). This is true even if the moving parties "might have been less than fully informed, knowledgeable and active participants in the decisionmaking process." McCurry v. Adventist Health System/Sunbelt, Inc., 298 F.3d 586, 595 (6th Cir. 2002); see also Universal Film Exchanges, Inc. v. Lust, 479 F.2d 573, 576 (4th Cir. 1973) (holding that counsel's "deliberate decision not to enter an appearance or file an answer enumerating his client's defenses" did not justify relief under Rule 60(b)(1)); In re Vioxx Prods. Liab. Litig. v. Merck & Co., 509 F. App'x

383, 386 (5th Cir. 2013) (finding unpersuasive the plaintiff's argument that "dismissal of his case resulted from his counsel's unresponsiveness and noncompliance with court orders, and that he should not bear the consequences of his attorney's alleged incompetence"). While this result may seem harsh when viewed solely from a client's perspective, "it has long been held, particularly in civil litigation, that the mistakes of counsel, who is the legal agent of [her] client, are chargeable to the client, no matter how 'unfair' this on occasion may seem." Pryor v. U.S. Postal Serv., 769 F.2d 281, 288 (5th Cir. 1985) (citation omitted).

For these reasons, the motion for relief from judgment under Rule 60(b) will be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Ward, Berrios, and all counsel of record.

DATED: This 21st day of October, 2019.

_____
Senior United States District Judge